**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| RAH-NITA BOYKIN, *et al.*, | : | |
| | : | |
| *Plaintiffs,* | : | Case No. 1:23-cv-427 |
| | : | |
| v. | : | Judge Jeffery P. Hopkins |
| | : | |
| THE PROCTOR & GAMBLE | : | |
| COMPANY, | : | |
| | : | |
| *Defendant.* | : | |

---

## ORDER

---

This putative class action lawsuit originated on July 12, 2023 when Named Plaintiffs, Rah-Nita Boykin, Delaney Jones, Brenda Keegan, Rasheeda Alexander, Mackenzie Gallagher, Fabjon Shehu, Toni Kellyghan, and Janna Jeansonne filed suit against Defendant The Proctor & Gamble Company ("P&G" or "Defendant"), alleging that Febreze Clips, an automotive air freshener product manufactured by P&G, contain a defect that causes the clips to leak oil and/or other fragrance substances, thereby damaging the interior surfaces of the vehicles to which they are clipped. In the matter now before the Court, P&G seeks an order to bifurcate discovery on class certification from that which will be needed to address the issues related to merits in dispute. Doc. 21. Named Plaintiffs oppose the motion. Doc. 22.

For the reasons stated in this Order, Defendant's Motion to Bifurcate Discovery is **GRANTED**.

### I. LAW AND ANALYSIS

P&G seeks bifurcation for two primary reasons. First, P&G claims that expeditious consideration of class certification would help define the scope of the case and would preserve

the parties' and the Court's resources. Doc. 21, PageID 296. Second, P&G argues that class discovery is clearly defined and can be severed from discovery related to the merits of the case. *Id.* at PageID 298. Plaintiffs oppose bifurcation because they believe that class certification will not meaningfully alter the scope of discovery and that class discovery cannot be easily severed from merits discovery. Doc. 22, PageID 305–07.

Matters of discovery, including whether to bifurcate class certification and merits discovery, "are in the sound discretion of the trial court." *McCluskey v. Belford High Sch.*, No. 09-CV-14345, 2011 WL 13225278, at *3 (E.D. Mich. Mar. 10, 2011) (quoting *Trepel v. Roadway Exp., Inc.*, 194 F.3d 708, 716 (6th Cir. 1999)). While there is no clearly established test for deciding whether bifurcation is appropriate, courts often consider three factors:

> (1) expediency, meaning whether bifurcated discovery will aid the court in making a timely determination on the class certification motion; (2) economy, meaning the potential impact a grant or denial of certification would have upon the pending litigation, and whether the definition of the class would help determine the limits of discovery on the merits; and (3) severability, meaning whether class certification and merits issues are closely enmeshed.

*Chenault v. Beiersdorf, Inc.*, No. 1:20-cv-174, 2020 WL 5016795, at *2 (S.D. Ohio Aug. 24, 2020) (quoting *Ballard v. Kenan Advantage Grp., Inc.*, No. 5:20-cv-1042, 2020 WL 4187815, at *1 (N.D. Ohio July 20, 2020)) (quotations and other citations omitted).

The first two factors, expediency and economy, support bifurcation. The Court acknowledges that this case has been pending for some time, having twice been reassigned from two other judges on this Court before landing with the undersigned. *See* Docs. 5, 6. That said, bifurcation would nonetheless allow a timely determination of class certification before the parties engage in lengthy and expensive merits discovery that may result in further delay. This is of particular importance here because the Court has previously expressed concerns about Named Plaintiffs' ability to certify the class and subclasses they propose. Doc. 17,

PageID 253. And for sake of judicial economy, the outcome of class certification would certainly help determine the limits of discovery on the merits. In Named Plaintiffs' view, bifurcation would not serve judicial economy because "this case would still proceed as to the claims of the eight named plaintiffs" even if class certification is denied in full. Doc. 22, PageID 306. But P&G persuasively counters that denial of class certification may substantively transform the nature of the case and claims upon which Named Plaintiffs may proceed, which in turn, will impact the size and scope of this case. Doc. 23, PageID 315–16. Thus, when considered in the aggregate, the Court finds that the factors of expediency and economy support bifurcation.

That brings the Court to the third factor, severability. Relying on *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350–51 (2011), Named Plaintiffs attempt to persuade that bifurcation would be improper because "courts are often required to consider the merits during class certification." Doc. 22, PageID 303. While some inquiry into the merits may be necessary for class certification, the Supreme Court has "admonishe[d] district courts to consider at the class certification stage only those matters relevant to deciding if the prerequisites of Rule 23 are satisfied." *In re Whirlpool Corp. Front-Loading Washer Products Liab. Litig.*, 722 F.3d 838, 851 (6th Cir. 2013) (citing *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013)); *Rikos v. P&G*, 799 F.3d 497, 505 (6th Cir. 2015) (quoting *Amgen Inc.*, 568 U.S. at 466) ("Since *Dukes*, the Supreme Court has made clear that 'Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage. Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied.'"); *McGlone v. Centrus Energy Corp.*, No. 2:19-cv-2196, 2021 WL 4204952, at *6 (S.D. Ohio Sept. 16, 2021) ("Consequently, to the extent

3

that Plaintiffs contend that the Court is *required* to address the merits at the certification stage, they greatly overread *Dukes*."). Thus, the Court does not find Named Plaintiffs' argument on this point persuasive.

Instead, the pertinent inquiry here is whether there would be substantial overlap between class and merits discovery. *McCluskey*, 2011 WL 13225278, at *3 (denying request to bifurcate because bifurcation would "likely lead to disputes over what is 'merit' discovery as opposed to 'class' discovery, resulting in needless motion practice" and noting that "the discovery relative to class issues and merits discovery will significantly overlap, thereby creating inefficiencies were the Court to bifurcate discovery"); *Chenault*, 2020 WL 5016795, at *3 (granting request to bifurcate because "while class issues and merit-based discovery may be somewhat enmeshed—there should not be considerable overlap"). Here, Named Plaintiffs do not readily identify areas of overlap, and instead focus on the delay and inconvenience that may result from bifurcation: that parties will be forced to re-depose certain witnesses based on an inability to delve into issues pertaining to the merits in the initial phase. Though this is a valid concern, it does not tip the scale in favor of Named Plaintiffs. Defendant has laid out what appear to be reasonable categories of discovery relevant to class certification and the merits. *See* Doc. 23, PageID 316. Additionally, to balance concern for merit issues that may be intertwined with certification, Defendant has also proposed "some limited discovery germane to the certification issue that might also impinge on merits issues, 'e.g., the basic design and components of the Febreze product at issue, the reported incident rates associated with the product, or the sales volume data regarding the product.'" *Id.* at PageID 314. Based on this record, the Court finds that severability can be accomplished here in a manner that preserves the parties' and the Court's resources. *Chenault*, 2020 WL 5016795, at

*3 ("[T]he fact that class and merits-based discovery will inevitably be intertwined to some extent does not necessitate denying a motion to bifurcate."). Thus, having considered the relevant factors, the Court will grant Defendant's request to bifurcate.

In so doing, however, the Court does not adopt, nor does it endorse P&G's proposal for how discovery on class certification should proceed. Instead, the Court directs the parties to again meet and confer to develop a plan related to the categories of discoverable materials and issues that would be appropriate consistent with the terms of this Order. And following the lead of *Chenault*, this Court cautions Defendant that "[i]f discovery disputes arise over whether a discovery issue is class or merit related, the Court anticipates permitting discovery on the issue." *Id.* To that end, the Court encourages the parties to identify and take advantage of any efficiencies that may be gained in discovery notwithstanding the bifurcated nature of the proceeding.

## II.    CONCLUSION

Accordingly, for the reasons above, Defendant's Motion to Bifurcate Discovery (Doc. 21) is **GRANTED**. The parties are **ORDERED** to meet and confer and file an amended Rule 26(f) report within 21 days of the date of this Order.

**IT IS SO ORDERED.**

March 3, 2026

Jeffery P. Hopkins
United States District Judge

5